**LIDDELL v. BLEVINS.**

No. 12348.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 28, 1951.

Rehearing Denied Dec. 19, 1951.

———◇———

E. T. Yates, Brownsville, for appellant.

Sharpe, Cunningham & Garza, Brownsville, for appellee.

POPE, Justice.

This is an appeal from a judgment rendered against appellant, N. S. Liddell, by the District Court of Cameron County, Texas, in a suit upon a joint and several California judgment against Liddell and Raymond Lee Childress. The case was tried without a jury. Appellant here contends that the Superior Court of Contra Costa County never obtained jurisdiction over his person under its statutes providing for substituted service upon non-resident owners of motor vehicles, because (1) the

notice provisions of the California statute were not complied with, (2) the judgment was rendered nunc pro tunc without notice to appellant, and (3) the California statutes are unconstitutional since they authorize service upon non-residents in "all actions," both criminal and civil, and that the statutes are therefore unconstitutional as to criminal actions. We overrule each of these points and affirm the judgment.

In 1948, the appellee, a resident of California, obtained judgment against Liddell and Childress for the sum of $10,000. The California judgment was rendered in October of 1948, but on June 13, 1949, the judgment was corrected. The corrected judgment recited that the former entry had inadvertently omitted dismissing certain parties and had also omitted the provision making the judgment joint and several against the two defendants, and that these were clerical errors not correctly stating the judgment as actually rendered and announced. After appellee obtained the California judgment, this action was commenced in Texas against Liddell only. The Texas suit alleged the California judgment in accord with Rule 55, Texas Rules of Civil Procedure, and also alleged the California statutes relating to non-resident service in such cases.

Appellant admitted the correctness of the pleaded statutes, and they required the California resident, in a suit against the non-resident owner of a motor vehicle, to serve the Director of Motor Vehicles of the State of California by leaving with him or in his office a copy of the summons and complaint, together with a fee of $2. That this initial step was taken is not questioned. The California statutes further required the "plaintiff or his attorney" to send a "notice of such service and a copy of the summons and complaint" to the defendant by registered mail, and proof of this mailing may be made by the affidavit of the plaintiff or his attorney, together with the production of a return receipt for registered mail of the United States post office, which receipt must bear the signature of the defendant. From these statutes it appears that Liddell was entitled to receive three different documents. They were, (1) notice of service upon the Director of Motor Vehicles of the summons and complaint, (2) copy of the summons, and (3) copy of the complaint.

Plaintiff proved his case by offering in evidence the California statutes, an authenticated copy of the judgment, the notice of filing and service of summons and complaint on the Director of Motor Vehicles, the return receipt of registered mail signed by Liddell, and the affidavit of service, stating that affiant had sent by registered mail to N. S. Liddell the notice, summons and complaint. The affidavit was signed by John T. Williams.

Appellant, in his attack upon the sufficiency of the documents he received, reasons that the California definitions of "notice," "summons," and "complaint" were not proved, and for that reason they will be presumed to bear the Texas definitions. From this presumption he concludes that when the California statute speaks of a copy, it means a "certified" copy. He further attacks the notice and complaint because he states they were not proved to have been signed by plaintiff's attorney.

In addition to the proof that was offered by the appellee, there are certain presumptions in favor of the California judgment which cast upon the appellant the burden of an affirmative showing that there was an omission of some requisite to a valid judgment.

"If an authenticated judgment appears on its face to be a record of a court of general jurisdiction, jurisdiction over the cause and the parties will be presumed unless disproved by extrinsic evidence or by the record itself. 26 T.J., Judgments, § 590.

"It is settled rule in Texas that a judgment of a court of competent jurisdiction cannot be collaterally impeached unless the record affirmatively shows the want of jurisdiction. Williams v. Haynes, 77 Tex. 283; 13 S.W. 1029; Holmes v. Buckner, 67 Tex. 107, 2 S.W. 452." Mitchell v. San Antonio Public Service Co., Tex.Com.App., 35 S.W.2d 140, 142.

"All acts are presumed to have been rightly done until the contrary appears. This includes every judgment and order entered at any stage of the proceeding.

Thus, it is said that every reasonable presumption will be indulged to sustain a judgment and nothing will be presumed against it. All prior requisites to the rendition of a judgment will be presumed to have been fulfilled and the recitals in a judgment or order will be presumed to state the truth." Texas Law of Evidence, p. 102, McCormick and Ray.

Defendant was handicapped in his efforts to discharge the burden imposed upon him by the proof and presumptions, since he had lost the documents he had received and receipted for, and upon which he relied. The defendant himself did not appear as a witness to describe the defects in the documents. On the basis of the limited oral testimony about the documents, the trial court was not persuaded that any defects existed, and held that appellant did not meet and overcome the presumed validity of the California judgment. Ryan v. City Nat. Bank, etc., Tex.Civ.App., 186 S.W.2d 747; Mendlovitz v. Samuels Shoe Co., Tex.Civ.App., 5 S.W.2d 559.

The notice of filing and service of summons and complaint on the Director of Motor Vehicles was signed by "Nichols, Richard & Allard by John T. Williams, Attorneys for Plaintiff." The affidavit of service showed that it was made by John T. Williams, the same person who signed the notice. The return receipt showed that it was returned to the same law firm and also to the same address John T. Williams stated was his address in the affidavit of service. We think these documents show they were signed by plaintiff's attorney. But more significant than this evidence is the law which placed the burden of proof on Liddell, the non-resident defendant, to prove Williams was not the attorney rather than on the plaintiff to prove he was. The authenticated California judgment when offered in evidence, on its face, showed that it was that of a court of general jurisdiction. From the authorities cited above, all prior requisites to the rendition of a judgment will be presumed to have been fulfilled until the opposite is proved by extrinsic evidence. The defendant failed to discharge this burden.

We think this same reason disposes of the second point which urged that the court was without power to render judgment nunc pro tunc without further notice to Liddell. The record of the defendant's defense consists of only four pages of testimony, and nowhere is there any mention of defendant's failure to receive notice prior to the entry of the judgment nunc pro tunc. Liddell himself never took the witness stand. Moreover, the judgment shows that it was a corrected judgment, and that the corrections merely recited the true judgment previously rendered. We overrule the point. Collins v. Davenport, Tex.Civ.App., 192 S.W.2d 291.

Appellant's final point is that the California statutes relating to substituted service are unconstitutional in that they purport to reach "all actions." He reasons that this includes criminal cases as well as civil suits and that such service in a criminal action would be unconstitutional. Since this poses a question based on hypothetical facts not before us, we shall not pass upon it. Judkins v. Robison, 109 Tex. 6, 160 S.W. 955.

The judgment is affirmed.