John PALMER, Appellant,

v.

Crystal PALMER, Appellee.

No. 14171.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 18, 1963.

J. Earl Barnhouse, Alice, for appellant.

Lloyd, Lloyd & Dean, Alice, for appellee.

BARROW, Justice.

This is an appeal by John Palmer from an order of the District Court of Jim Wells County, Texas, sustaining Crystal Palmer's plea to the jurisdiction and dismissing his

suit for divorce. The District Court of Tulsa County, Oklahoma, had previously granted Crystal Palmer a divorce from John Palmer and the Texas court held that under the full faith and credit clause of the United States Constitution, as well as by reason of comity, it did not have jurisdiction of the marital status of the parties.

The parties were married in 1940 and have three minor children. Appellee and the minor children have lived in Oklahoma since 1960 and all the community property of the parties is located in Oklahoma. On August 9, 1962, appellant filed this suit for divorce in Texas. On the same date appellee filed her suit in Oklahoma. The file marks show that appellant's suit was filed first. Appellee cited appellant by publication, and on September 20, 1962, judgment was entered by the Oklahoma District Court granting appellee a divorce. No appeal was had from that judgment. On November 12, 1962, the Texas trial court quashed appellant's attempted service of appellee. On January 7, 1963, appellee filed her plea to the jurisdiction in appellant's Texas suit and, after a hearing, the trial court entered this order of dismissal. Duly authenticated copies of the petition, affidavit for publication, and final judgment in the Oklahoma proceedings were introduced at the hearing on appellee's plea to the jurisdiction. The Oklahoma judgment recites that proper service was had upon appellant.

■ The introduction of the Oklahoma judgment made a prima facie case for appellee and the burden was upon appellant to establish that the judgment was not final and subsisting, or that the court did not have jurisdiction to render it. Dowden v. Fischer, Tex.Civ.App., 338 S.W.2d 534; Garman v. Reynolds, Tex.Civ.App., 284 S. W.2d 262, writ ref; Liddell v. Blevins, Tex. Civ.App., 244 S.W.2d 335.

Appellant asserts that the Oklahoma judgment is void on its face for the following

reasons: The Texas suit was filed prior thereto; the petition contained in the duly certified transcript of the Oklahoma proceedings is not signed; appellee was a resident of Creek County, Oklahoma, where the community real estate is located, and not of Tulsa County; and appellee swore to a lie in her affidavit for publication when she swore that she did not know the residence of appellant. The affidavit of appellee recited that appellant was not a resident of Oklahoma and could not be served in Oklahoma. Appellant's last known address was correctly given as Fulfurrias, Texas, where he was mailed a copy of the petition and affidavit.

■ Appellant failed to discharge his burden to show that the Oklahoma law did not permit service in the manner shown in the transcript of the proceedings. Dowden v. Fischer, supra; Liddell v. Blevins, supra; Roland v. Roland, Tex.Civ.App., 244 S.W. 2d 318. Appellee was domiciled in Oklahoma and this judgment is entitled to full faith and credit in Texas under Art. IV, § 1, of the United States Constitution. Williams v. North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; 28 A.L.R.2d 1304. The trial court, therefore, correctly held that it did not have jurisdiction of the marital status of appellant and appellee.

■ It is further seen that the trial court was permitted upon the principal of comity, to recognize the divorce granted by the Oklahoma court, since the appellee, the children of this marriage, and all the community property were located in Oklahoma. Short v. Short, 163 Tex. 287, 354 S.W.2d 933; Autry v. Autry, Tex.Civ.App., 350 S.W.2d 233; Cohen v. Cohen, Tex.Civ.App., 194 S.W.2d 273; Evans v. Evans, Tex.Civ.App., 186 S.W.2d 277.

The judgment of the trial court is affirmed.