**Noel D. WHITWOOD, Appellant,**

v.

**Faye A. WHITWOOD, Appellee.**

**No. 5867.**

Court of Civil Appeals of Texas, Waco.

Dec. 29, 1977.

R. W. (Bill) Glenn, Glenn & Houser, Plano, for appellant.

Richard F. McMullen and Waylon E. McMullen, McMullen & Porter, Dallas, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Noel D. Whitwood from judgment for unpaid alimony due plaintiff Faye A. Whitwood under a Georgia decree.

Plaintiff sued defendant in Collin County, Texas for arrearage in alimony payments due plaintiff by virtue of a Georgia judgment.

Defendant by answer admitted he had not paid the alimony, but denied the Georgia judgment entitled to full faith and credit under Article IV, Section 1 of the Constitution of the United States.

Both parties moved under Rule 184a TRCP for the trial court to take judicial notice of the relevant statutory and case law of Georgia.

Trial was to a jury. The evidence was undisputed that defendant was in arrears $14,400. At the close of the evidence both parties moved for instructed verdict. The trial court granted plaintiff's motion and thereafter rendered judgment for plaintiff for $14,400. plus 6% interest on the unpaid balances.

The trial court filed Findings of Fact and Conclusions of Law summarized as follows:

### Findings of Fact

1) Plaintiff Faye A. Whitwood is a resident of Clayton County, Georgia.

2) Defendant Noel D. Whitwood is a resident of Collin County, Texas.

3) Plaintiff and defendant were divorced by final decree in the Superior Court of Clayton County, Georgia October 27, 1972.

4) Such order and Final Judgment and Decree ordered defendant to pay plaintiff $600. per month alimony.

5) Defendant has failed to make payments as ordered.

6) 7) $14,400. remains due and unpaid.

### Conclusions of Law

1) The Superior Court of Clayton County, Georgia is a court of original jurisdiction.

2) Such court had jurisdiction to enter the Order and Final Judgment and Decree between the Whitwoods on October 27, 1972.

3) Exhibit 1 is an authenticated/exemplified copy of such Order, Final Judgment and Decree.

4) The rights of plaintiff to accrued alimony payments granted by the Superior Court of Clayton County, Georgia, in said Order and Final Judgment and Decree, are vested and absolute when they accrue and are not subject to retroactive modification or revocation by the rendering court as in accordance with Georgia law.

5) Pursuant to Article IV, Section 1 of the Constitution of the United States, the Order and Final Judgment and Decree entered by the Georgia Court is entitled to be accorded full faith and credit and to be made the basis of a judgment rendered by the District Court of Collin County, Texas.

Defendant appeals on 7 points contending:

1) The trial court erred in overruling defendant's motion for Instructed Verdict.

2) The trial court erred in Conclusions of Law 4 and 5, since there was not legally and factually sufficient evidence to support same, and same are against the great weight and preponderance of the evidence.

Plaintiff introduced into evidence the Georgia Order, Final Judgment and Decree which required defendant to pay alimony. It is undisputed defendant has not paid $14,400. of the alimony required by the order.

■ Introduction of the Georgia Order made a prima facie case for plaintiff and the burden was on defendant to establish that the judgment was not final or subsisting. *Mitchim v. Mitchim*, Tex., 518 S.W.2d 362; *Gard v. Gard*, Tex.Civ.App. (El Paso) NWH, 244 S.W.2d 884; *Houston v. Dunn*, 13 Tex. 476.

▪■ And where a decree is rendered for alimony and is made payable in future installments, the right to such installments becomes absolute and vested on becoming due, and is therefore protected by the full faith and credit clause, provided no modification of the Decree has been made prior to maturity of installments, since alimony decreed to a wife in a divorce proceeding is as much a debt of record, until the decree has been recalled, as any other judgment for money. *Gard v. Gard*, Tex., 241 S.W.2d 618; *Stout v. Stout*, Tex.Cr.App. (Texarkana) Er.Ref., 214 S.W.2d 891.

Further there was evidence from a Georgia lawyer, who qualified as an expert witness, that the Georgia Order, Final Judgment and Decree was final, and that the alimony amounts became vested and absolute under the Order, as the time passed when they were due to be paid.

Finally *Roberts v. Mandeville*, 217 Ga. 90, 121 S.E.2d 150, holds alimony amounts past due are vested and not subject to cancellation under the factual situation here involved.

All of defendant's points and contentions are overruled.

AFFIRMED.