**Troy Lyles McCOY, Appellant,**

v.

**Gladys Sylvia McCoy FLEMING, Appellee.**

No. 17972.

Court of Civil Appeals of Texas, Fort Worth.

June 1, 1978.

Rehearing Denied June 29, 1978.

Anderson & Martin and Rosendo Rodriguez, Jr., Wichita Falls, for appellant.

Bill J. Ballard, Wichita Falls, for appellee.

OPINION

MASSEY, Chief Justice.

In Cause No. 99,793–B in the District Court of Wichita County, Texas, judgment was rendered October 30, 1975, dissolving the marriage between appellee, Gladys Sylvia McCoy, and appellant, Troy Lyles McCoy. The judgment further awarded appellee custody of the minor child, Gary Todd McCoy, born 1965, and awarded appellant custody of two older children. For the support of Gary Todd the appellant was ordered to pay the amount of $150.00 per month. This judgment became final.

Subsequently, in April of 1977, the appellant was ordered to appear and show cause why he should not be held in contempt of the Wichita County court for arrears in the amount of child support of $1,800.00, plus obligation to pay attorney's fees to be taxed as costs in the contempt proceeding. Notice was served upon the appellant at his Tennessee residence. He filed his special appearance, and subject thereto his answer. He did not attend the hearing, save by counsel who was present.

After hearing the Order Holding Respondent (appellant) in Contempt for Failure to Pay Child Support was rendered on July 29, 1977, including provisions, viz:

"The Court has jurisdiction of the cause and the parties.

". . .

"Respondent has contemptuously disobeyed the order [in the judgment] by failing to make periodical payments ordered and is now in arrears in the amount of $2,150.00; and . . . should be held in contempt of court.

". . .

"It is the order of the court that the Respondent pay an attorney fee of $1500.00 and provided there be no appeal to the Court of Civil Appeals by Respondent the attorney fee is reduced to $750.00. Said attorney fee shall be paid to the Wichita County Family Court

Services, County Courthouse, Wichita Falls, Texas. Said attorney fee is taxed as costs.

"  .   .   .

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED by the Court that *Troy Lyles McCoy,* Respondent, be, and is hereby adjudged to be, in contempt of this Court and that punishment therefore be fixed and assessed at a fine of $250.00 and confinement in the County Jail of Wichita County, Texas, for a period of 10 days and that Respondent thereafter be further confined in said jail until Respondent has fully purged such contempt by the full observance of obedience of the decree of this Court  .   .   .."

Not being present appellant was not confined pursuant to the order of July 29, 1977. He remained in Tennessee. However, he proceeded to go through formalities as by regular appeal to a Court of Civil Appeals from a final judgment of a trial court. The record presented was filed by the clerk of this court.

■■■ A proceeding to have a defendant held in contempt after there has been finality of the judgment is a special proceeding. An order which either holds or refuses to hold in contempt a respondent in a proceeding brought for that purpose is not appealable. The attempted appeal herein is to be dismissed.

See 12 Tex.Jur.2d § 57 (1960) p. 535, "Contempt," "Review—By appeal or writ of error"; *Ex Parte Cardwell,* 416 S.W.2d 382 (Tex.1967); *Curtis v. Curtis,* 448 S.W.2d 245 (Tex.Civ.App.—Austin 1969, no writ); and the many Texas cases listed at p. 534 in 33 A.L.R.3rd, p. 448, et seq., Annotation: "Appealability or Contempt Adjudication or Conviction.".

The appeal is dismissed.