Donna L. GAWLIK, Appellant,

v.

Arthur Bert GAWLIK, Appellee.

No. 13–85–358–CV.

Court of Appeals of Texas, Corpus Christi.

March 20, 1986.

C.S. Machalec Barnes, Victoria, for appellant.

Clyde L. Wright, Jr., Alice, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

Appellant brought motions for contempt, for involuntary assignment of earnings, to modify the prior order and for judgment, all with respect to child support. The trial court modified the prior child support order and entered judgment against appellee in the amount of $3,000.00 for arrearages in child support payments. Appellant raises twenty points of error, many of them duplicitous.

Donna and Arthur Gawlik divorced in August of 1970. Arthur does not dispute that he failed to pay child support, but rather raises estoppel and waiver as a defense. Arthur contends that Donna and her father told him not to send child support and refused him visitation of his daughters at gunpoint. Therefore, Arthur made no payments after the divorce in 1970 through June of 1984, when Donna sought relief. This period represents arrearages of $16,400.00. Pursuant to Donna's motions, the trial court increased child support from $50.00 per month per child to $75.00 and found Arthur $3,000.00 in arrears in his child support payments.

Appellant, by her first point of error, complains that the trial court erred in not finding appellee in contempt of the child support order. A trial court's holding or refusal to hold in contempt a respondent in a contempt proceeding is not appealable. *Gensco, Inc. v. Thomas*, 609 S.W.2d 650,

651 (Tex.Civ.App.—San Antonio 1980, no writ); *McCoy v. Flemming*, 567 S.W.2d 589, 590 (Tex.Civ.App.—Ft. Worth 1978, no writ). *See Ex parte Cardwell*, 416 S.W.2d 382, 384 (Tex.1967). We overrule appellant's first point of error.

Appellant, by point of error four, complains that the trial court erred in not issuing an order for the involuntary assignment of appellee's earnings for payment of child support.

TEX.FAM.CODE ANN. § 14.091(p)(2) (1983) (repealed 1985) governed the involuntary assignment of wages when appellant filed this action. Under Section 14.091(p)(2), an involuntary assignment of earnings "may be ordered if the court finds that the total amount of child support in arrears was equal to or in excess of the amount due for a two-month period at the time the motion for involuntary assignment was filed with the court." This section made an assignment discretionary with the trial court, and therefore, not capable of being overturned on an appeal without a showing of a clear abuse of discretion. Under TEX.FAM.CODE ANN. § 14.43 (Vernon Supp.1986), which now governs the involuntary assignment of wages, "the court *shall* enter an order that income be withheld from disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages." (emphasis added) However, the effective date of this section is September 1, 1985. The record before us does not warrant a finding that the trial court abused its discretion in failing to order an assignment of appellee's wages. Appellant's fourth point of error is overruled.

■ Appellant, by points of error five through eight and sixteen through eighteen, complains that the trial court erred in not granting a more substantial modification of child support and in finding the parties were bound by an agreement. Specifically, appellant's sixth point of error complains that the trial court erred in excluding appellant's testimony regarding her health.

This Court has held:

As a general rule, error is not shown in the exclusion of evidence unless the Appellant brings before the appellate court a record that shows clearly not only what the evidence would have been if admitted, but also its relevancy ... (citations omitted). The complaining party has the burden to show reversible error by demonstrating that the exclusion of evidence was reasonably calculated to and probably did cause the rendition of an improper verdict or judgment.

*Gonzalez v. Texas Department of Human Resources*, 581 S.W.2d 522, 532 (Tex.Civ.App.—Corpus Christi 1979, writ ref'd n.r.e.), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319 (1980); *see Fluellen v. Young*, 664 S.W.2d 776 (Tex.App.—Corpus Christi 1983, no writ). There are no bills of exception in the record. By failure to make a bill of exception of the disputed testimony, the appellant failed to carry her burden to show that the exclusion of the evidence was reasonably calculated and probably did cause an improper judgment. Appellant's sixth point of error is overruled.

■ The trial court has broad discretion when modifying child support payments, and the court's order will not be disturbed on appeal absent the showing of a clear abuse of discretion. *Carpenter v. White*, 624 S.W.2d 618, 619 (Tex.App.—Houston [14th Dist.] 1981, no writ); *Moon v. Moon*, 573 S.W.2d 277, 279 (Tex.Civ.App.—Waco 1978, no writ); *Labowitz v. Labowitz*, 542 S.W.2d 922, 924 (Tex.Civ.App.—Dallas 1976, no writ). Although it is not disputed that one of the children suffers from cerebral palsy and has undergone numerous operations, appellant offered no evidence of expenses, other than to testify that the child is dependent on others. Appellant also fails to show appellee's financial status, other than to show he makes $14.00 per hour. There is no evidence of his annual income. Based on the evidence presented at trial, we cannot say the trial court's order constituted a clear abuse of discretion. We overrule appellant's fifth, seventh and eighth points of error.

■ The written findings of fact and conclusions of law do not support appellant's contention that the trial court found the parties were bound by an agreement. Although, from the bench, the trial court made reference to an alleged agreement brought out in the evidence, these recitations do not constitute findings of fact or conclusions of law. Recitations made from the bench cannot be substituted for separately filed findings of fact and conclusions of law. Therefore, they do not afford any basis upon which a losing party may attack the trial court's judgment. *In re W.E.R.*, 669 S.W.2d 716, 716 (Tex.1984); *see also Jones v. Jones*, 641 S.W.2d 342, 344 (Tex. App.—Corpus Christi 1982, no writ); *Texas Hauling Contractors Corp. v. Rose Sales Co.*, 565 S.W.2d 240, 244 (Tex.Civ.App.—Corpus Christi 1977, no writ) (recitations contained in the judgment). We overrule appellant's sixteenth through eighteenth points of error.

Appellant, by her ninth point of error, complains that the trial court erred in granting judgment for arrearages of only $3,000.00.

Appellee's defense for failure to make the child support payments was estoppel and waiver. There are five elements of estoppel: (1) a false representation or concealment of material fact[s]; (2) made with knowledge, actual or constructive, of those fact[s]; (3) the party to whom it was made must have been without knowledge or the means of acquiring knowledge of the fact[s]; (4) made with the intention that the representation or concealment be acted on; and (5) the party to whom it was made must have relied or acted on it to his prejudice. *Gulbenkian v. Penn*, 151 Tex. 412, 252 S.W.2d 929, 932 (1952); *Houtchens v. Matthews*, 557 S.W.2d 581, 585–86 (Tex.Civ. App.—Fort Worth 1977, writ dism'd).

The trial court made no findings concerning estoppel. If a trial court does not enter a finding or a conclusion regarding a certain pleaded ground of recovery or defense, an appellate court will assume that the trial court decided the issue in accordance with the judgment and that the movant did not meet the burden of proving that issue. *Anderson v. Smith*, 635 S.W.2d 204, 207 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Radford v. Garza*, 586 S.W.2d 656, 660 (Tex.Civ.App.—Corpus Christi 1979, no writ); *see* TEX.R.CIV.P. 299. The trial court made no findings of fact or conclusions of law with regard to appellee's estoppel defense. Further, the trial court found appellee to be in arrears in his child support payments, which is inconsistent with the estoppel defense.

■ The record supports the trial court's finding that appellee failed to pay child support and that there was no estoppel and waiver. Yet, the trial court only granted judgment for $3,000.00. The ten-year statute of limitation applies to a TEX.FAM. CODE ANN. § 14.09(c) (1975) (repealed 1985) motion for judgment.[1] *Huff v. Huff*, 648 S.W.2d 286, 289 (Tex.1983). It is undisputed that appellee has not made child support payments for the ten years preceding appellant's motion for judgment. The original child support order required appellee to pay $100.00 per month in child support. The judgment for arrearages in child support should have been $12,000.00. We sustain appellant's ninth point of error.

Appellant, by her nineteenth point of error, complains that the district court erred in not awarding attorney's fees.

■ The award of attorney's fees is discretionary with the court under the Texas Family Code and will not be disturbed absent a showing of abuse of discretion. *Havis v. Havis*, 657 S.W.2d 921, 924 (Tex. App.—Corpus Christi 1983, writ dism'd); *Drexel v. McCutcheon*, 604 S.W.2d 430, 433 (Tex.Civ.App.—Waco 1980, no writ); *Fowler v. Stone*, 600 S.W.2d 351, 353 (Tex.Civ. App.—Houston [14th Dist.] 1980, no writ). Upon review of the record before us, we find no abuse of discretion in the trial

---

1. TEX.FAM.CODE ANN. § 14.41 (Vernon Supp. 1986) now governs judgment for past-due child support payments.

court's failure to award attorney's fees. Appellant's nineteenth point of error is overruled.

Appellant, by her twentieth point of error, complains that the trial court erred in granting appellee visitation rights when such rights were neither pled nor requested.

In order to change the terms and conditions of conservatorship as they relate to access to the child, a motion to modify is the exclusive method to obtain the relief sought. *In re Vasquez*, 666 S.W.2d 649, 651 (Tex.App.—Corpus Christi 1984, no writ). Although appellant brought a motion to modify the support order, there was no motion before the trial court to modify access to, nor custody of, the children. We sustain appellant's twentieth point of error.

Having addressed the controlling issues, we decline to discuss appellant's remaining points of error. TEX.R.CIV.P. 451.

The trial court's judgment for arrearages is reversed and rendered that appellant recover $12,000.00 as arrears in child support. Since modification of access to the children was not properly before the trial court, that portion of the judgment is reversed and rendered that the rights of the possessory conservator are controlled by the original decree. All other aspects of the trial court judgment are affirmed.