Robyn Lorraine TAYLOR, Appellant,

v.

Ronald L. TAYLOR, Appellee.

No. 13–86–379–CV.

Court of Appeals of Texas,
Corpus Christi.

Nov. 6, 1986.

Michael Ryan, Atty. General's Office,
Corpus Christi, for appellant.

Eugene Coffey, Law Office of Eugene
Coffey, Corpus Christi, for appellee.

Before UTTER, SEERDEN and
DORSEY, JJ.

OPINION

UTTER, Justice.

This is an appeal from the trial court's refusal to enter an order providing for the withholding of income from appellee's wages to pay for court-ordered child support. Appellee has not filed a brief. We reverse and remand with instructions to enter the order.

Appellant and appellee were divorced on August 27, 1982. The decree appointed appellant managing conservator of their two minor children and provided that appellee pay monthly child support of "not less than $200.00." It appears that appellee faithfully made the payments until approximately October 1, 1984. He has not made a payment since.

The trial court apparently found that appellee was $3,800.00 in arrears, and ordered that appellee resume payment of $200.00 per month, plus $50.00 per month until $3800.00 in unpaid child support is paid.

Appellant requested that the trial court order appellee's employer to withhold income from appellee's earnings for payment of the child support pursuant to TEX.FAM. CODE ANN. § 14.43 (Vernon 1986). The trial court expressly denied this request. Appellant urges one point of error complaining of this denial.

Section 14.43 provides:

(a) Duty of Court to Order Income Withholding. Except for good cause shown, on agreement of the parties, or as provided in Subsection (b) of this section, the court *shall* enter an order that provides that income be withheld from the disposable earnings of the obligor:

\*   \*   \*   \*   \*   \*

(2) on motion to require income withholding regarding a child support order entered before the effective date of this subchapter; provided that at the time the motion is filed the obligor is shown to have been in arrears for a time period of

at least 30 days for some portion of the amount due and is currently in arrears for an amount equal to or greater than that due for a one month period; or ... [Emphasis ours.]

In *Gawlik v. Gawlik*, 707 S.W.2d 256 (Tex.App.—Corpus Christi 1986, no writ), this Court said:

TEX.FAM.CODE ANN. § 14.091(p) (2) (1983) (repealed 1985) governed the involuntary assignment of wages when appellant filed this action. Under Section 14.-091(p)(2), an involuntary assignment of earnings "may be ordered if the court finds that the total amount of child support in arrears was equal to or in excess of the amount due for a two-month period at the time the motion for involuntary assignment was filed with the court." This section made an assignment discretionary with the trial court, and therefore, not capable of being overturned on an appeal without a showing of a clear abuse of discretion. Under TEX.FAM. CODE ANN. § 14.43 (Vernon Supp. 1986), which now governs the involuntary assignment of wages, "the court *shall* enter an order that income be withheld from disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages." (emphasis added) However, the effective date of this section is September 1, 1985. The record before us does not warrant a finding that the trial court abused its discretion in failing to order an assignment of appellee's wages. [Emphasis in original.]

*Id.* at 258.

The obvious intent of the legislature in changing from "may" to "shall" was to make the entry of an order of wage withholding *mandatory* upon the trial court, subject to a few delineated exceptions. Those exceptions are "good cause shown, on agreement of the parties or as provided in Subsection (b)." Subsection (b) deals

with social security, which is not an issue in this case. Clearly, there is no agreement to dispense with income withholding since appellant affirmatively sought such an order. Thus, we must determine whether "good cause" was shown to support the trial court's refusal to enter the order. The trial court stated, "the Court is skeptical about this wage order. I'm afraid it might even cause him to be unemployed entirely if it's entered, so I will not require that since he is—since he's classified as a temporary employee."

█ Subsections (m) and (n) provide for penalties against an employer who uses an income withholding order as a reason to terminate an employee, refuse to hire an employee, or to take any other disciplinary action against an employee. We also see no intent in the act, or any other reason, to draw a distinction between "permanent" and "temporary" employment.

█ We do not believe that good cause has been shown to dispense with an order under Section 14.43. Appellee offered no evidence which would support a finding of good cause to dispense with the withholding order.[1] Since the language of Section 14.43(a) is mandatory, we hold that the trial court erred in refusing to enter an order for income withholding from appellee's earnings. Appellant's sole point of error is sustained.

The cause is REVERSED and REMANDED to the trial court with instructions that the trial court enter an order in accordance with this opinion and TEX.FAM.CODE ANN. § 14.43.

---

1. The majority of appellee's testimony went to explaining why he has not paid the child support, what type of jobs he has had, how much he earns, and his prospects for the future. Appellee has never attempted to obtain a modification of the amount of child support which he is obligated to pay. That issue is not before us.