OPINION
 

 DRAUGHN, Justice.
 

 This appeal concerns wage withholding for child support arrearages. In modifying appellee Ricky Joe Nelson’s child support payments from $450.00 to $130.00 per month, the trial court ordered appellee’s employer to withhold income from his wages pursuant to Tex.Fam.Code Ann. § 14.43 (Vernon Supp.1989). The court also granted managing conservator Karen Lynn Nelson a judgment in the amount of $10,875.00 plus interest at ten percent per annum for back child support but refused to order wage withholding to discharge the arrearages. The court also denied appellant’s motion to hold appellee in contempt. In this limited appeal, the Office of the Texas Attorney General, Child Support Enforcement Division, on behalf of Karen Lynn Nelson, contends the trial court erred in not ordering wage withholding to pay off the child support arrearages. The State contends the Texas Family Code requires mandatory wage withholding or, if it is not mandatory, under the facts of this case the court abused its discretion. We affirm.
 

 When the Nelsons were divorced in September, 1983, the trial court ordered appel-lee to pay $450.00 per month to Mrs. Nelson for support of their son, Justin Paul Nelson, born July 25, 1978. Appellee complied with the order until May, 1986, when he lost his job as a consultant for an oil and gas company. He remained unemployed
 
 *637
 
 until March, 1988, when he took a job for $4.50 an hour at a Wal-Mart store in Amarillo. Subsequently, appellee sent Mrs. Nelson only $100.00 in May, 1988, and the Attorney General’s office filed a motion requesting that appellee be held in contempt and that a portion of his wages be withheld to discharge his current and back child support obligations.
 

 Upon appellee’s motion for modification, the court decreased his child support payments from $450.00 to $130.00 per month. The court also ordered wage withholding to discharge the obligation, pursuant to statute:
 

 Duty of Court to Order Income Withholding. Except for good cause shown, or on agreement of the parties ..., the court shall enter an order that provides that income be withheld from the disposable earnings of the obligor[.] Tex.Fam.Code Ann. § 14.43(a) (Vernon Supp.1989).
 

 The Family Code also allows for wage withholding to pay off back child support:
 

 Wage Withholding for Arrearages. In addition to income withheld for the current support of a child,
 
 in appropriate circumstances
 
 and in accordance with the guidelines established for child support payment as provided in Subsection (a) of Section 14.05 of this code, the court shall enter an order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages. The additional amount to be withheld to be applied towards arrears shall be sufficient to fully discharge those arrears in not more than two years or add 20 percent to the amount of the current monthly support order, whichever will result in the arrears being fully discharged in the least amount of time consistent with the limitations on the maximum amount that may be withheld from earnings as provided by Subsection (f) of this section. If the court finds that such a repayment schedule would cause the obligor, the obligor’s family, or children for whom support is due from the obligor to suffer unreasonable hardship, the court may extend the repayment period for a reasonable length of time. Tex.Fam.Code Ann. § 14.43(d) (Vernon Supp.1989). (Emphasis added.)
 

 This Court has stated that Texas courts
 
 may
 
 order an obligor’s employer to withhold up to fifty percent of the obligor’s disposable earnings to discharge arrearag-es.
 
 Ruffin v. Ruffin,
 
 753 S.W.2d 824, 827 (Tex.App. — Houston [14th Dist.] 1988, no writ). The Corpus Christi Court of Appeals has held that the same exceptions — for good cause shown or by agreement of the parties — apply to wage withholding for both current and back child support.
 
 Taylor v. Taylor,
 
 721 S.W.2d 457, 458 (Tex.App. — Corpus Christi 1986, no writ);
 
 Gawlik v. Gawlik,
 
 707 S.W.2d 256, 258 (Tex.App. — Corpus Christi 1986, no writ).
 

 In its first point of error, appellant contends that Section 14.43(d) mandates wage withholding to pay off child support arrearages. However, the statute specifically sets “appropriate circumstances” as a condition for ordering withholding for ar-rearages. Appellant contends that “appropriate circumstances” relates only to obli-gors who have absolutely no income. We disagree. The conditional phrase confers upon the trial court discretion in whether to order wage withholding for arrearages. Thus, we must consider whether the trial court abused its discretion by refusing to order withholding to pay off arrearages given appellee’s financial situation. Appel-lee had a job at Wal-Mart with regular income; he had been able to borrow large amounts of money to spend on himself but not for child support; his parents or sister paid his car expenses and attorney’s fees; he had little or no living expenses; and the amount the trial court ordered was only twenty percent of his take home pay.
 

 A family law court has broad discretion, which will not be disturbed absent a clear abuse of discretion.
 
 Williamson v. Williamson,
 
 624 S.W.2d 633, 635 (Tex.App. —Houston [14th Dist.] 1981, no writ). Here, the trial court may have considered that the Internal Revenue Service also has mentioned garnishing appellee’s wages to pay off some $15,000.00 he owes in back taxes; appellee stated that he lives “a hand-to-mouth existence”; he owes his sister and parents in excess of $13,500.00; he maintains a life insurance policy per the
 
 *638
 
 divorce decree; he maintains a car as means of transportation to work; and his job now pays only $4.75 an hour for a maximum of thirty-nine hours per week. On the other hand, Mrs. Nelson’s salary is approximately $35,000.00 per year. The trial court obviously considered that “good cause” did not exist to require the additional wage withholding or that these did not constitute the statutorily required “appropriate circumstances” for such an order. We defer to the discretion of the trial court under these circumstances. However, contrary to the State’s position, we find no impediment to the State’s seeking additional withholding to cover the arrearages should the appellee’s circumstances change in the future. We see no restrictions on the trial court to take such action if a change in circumstances warrants it.
 

 In its final point of error, appellant contends that Tex.Fam.Code Ann. § 14.43(b) (Vernon Supp.1989) makes wage withholding mandatory in all Title IV cases brought by the Attorney General’s office. The statute provides:
 

 Title IV Suits. Except as provided in Sections 14.44 and 14.45 of this code, in any proceeding brought under Part D of Title IV of the federal Social Security Act, as amended (42 U.S.C. Section 651 et seq.), the court shall order that income be withheld from the disposable earnings of the obligor and that all child support payments shall be paid through the Attorney General of Texas.
 
 Id.
 

 We find that the trial court complied with this provision by ordering wage withholding for appellee’s current child support obligations and by making them payable through the Attorney General’s office. Additionally, we note that the trial court granted Mrs. Nelson a judgment for ar-rearages plus interest as a means of collecting the money owed should it become available.
 

 We affirm the judgment of the trial court.