The **STATE** of Texas on Behalf of Valinda M. **CLANTON** (Gossett), Appellant,

v.

Larry A. **CLANTON**, Appellee.

No. B14–90–329–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 4, 1991.

Before JUNELL, ELLIS and MORSE (Sitting by designation), JJ.

## CORRECTED OPINION

JUNELL, Justice.

This is an appeal from a reciprocal suit filed by appellant pursuant to TEX.FAM. CODE ANN. Chapter 21 to secure judgment for child support arrearages, on-going child support, and an assignment of appellee's earnings to secure the payment of the child support and to liquidate arrears. The trial court granted appellant's request for on-going support and assignment of income to secure such support. The trial court denied appellant's request for arrears and an assignment of wages to liquidate same. Appellant appeals the denial alleging that the trial court erred: (1) in denying appellant's request for arrears; and (2) in denying appellant's request for an assignment of earnings to liquidate arrears. We reverse and remand.

On April 26, 1982, the parties were divorced in Oklahoma. The divorce decree stated, in relevant part:

That of said marriage no children have been born, but it is not known at this time if Plaintiff [Valinda Marie Clanton] is pregnant; that should medical tests taken show Plaintiff to be pregnant, Defendant [Larry A. Clanton] should be required to pay $250.00 per month alimony for the last three months during said pregnancy and continue for thirty (30) days after the child is born; then $150.00 per month thereafter for the support and maintenance of the child, until the child reaches the age of majority;

\* \* \* \* \* \*

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT that should medical tests taken show Plaintiff to be pregnant, the Defendant is ordered and directed to pay $250.00 per month alimony for the last three months during said pregnancy and continue for thirty days after the child is born; then $150.00 per month thereafter for the support and maintenance of the

Randy Boykin, Houston, for appellant.

Samuel J. Lee, II, Gregory L. Donnell, Angleton, for appellee.

child, until the child reaches the age of majority.

On November 21, 1982, Bobby W. Clanton was born. In August 1987, appellant filed a reciprocal petition in Oklahoma. Approximately a year later a paternity test was conducted. The test revealed a 99.81 percent probability that appellee was the father of Bobby W. Clanton. The Texas trial court, under the reciprocal suit, granted appellant current child support and an assignment of earnings for the current support, but denied arrears and an assignment to liquidate the arrears.

In her first point of error appellant claims that the trial court erred in denying her claim for arrearages. We agree.

■ It has long been the rule in Texas under the Full Faith and Credit clause, U.S. CONST. Art. 4, § 1, that where a foreign judgment appears to be a valid final judgment entered by a court of general jurisdiction, its introduction makes a prima facie case for the party seeking to enforce it, and the burden is on the party resisting the judgment to establish that it was not final or that the court did not have jurisdiction to render it. *Mitchim v. Mitchim*, 518 S.W.2d 362, 364 (Tex.1975); *Schwartz v. F.M.I. Properties Corporation*, 714 S.W.2d 97, 99 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.); *Whitwood v. Whitwood*, 560 S.W.2d 776, 777 (Tex.Civ.App.—Waco 1977, no writ); *Palmer v. Palmer*, 374 S.W.2d 300, 301 (Tex.Civ.App.—San Antonio 1963, no writ). Thus, in this case, appellant's introduction of the divorce decree established a prima facie case in her favor. It was appellee's burden of proof to show that the decree was not final or that the Oklahoma court lacked either subject-matter or personal jurisdiction. Not only did appellee fail in this burden, but he admits in his brief that he does not attack the finality of the decree or the jurisdiction of the Oklahoma court. In light of this admission and the lack of proof, the trial court erred in failing to grant the appellant's claim for arrearages. Appellant's first point of error is sustained.

In her second point of error appellant claims that the trial court, since it erred in failing to grant her claim for arrears, also erred in failing to grant her claim for an assignment of appellee's wages to satisfy same.

■ The Texas Family Code provides for wage withholding to pay off back child support:

Wage Withholding for Arrearages. In addition to income withheld for the current support of a child, **in appropriate circumstances** and in accordance with the guidelines established for child support payment as provided in Subsection (a) of Section 14.05 of this code, the court shall enter an order that income be withheld from the disposable earnings of the obligor to be applied toward the liquidation of any child support arrearages.

TEX.FAM.CODE ANN. § 14.43(d). (Emphasis added.). The Code makes it clear that income can be withheld in order to liquidate arrearages. However, the Code states that such action will be taken only in appropriate circumstances. Therefore, the trial court must make a finding that the circumstances are appropriate to order withholding for liquidation of arrearages. *See State on Behalf of Nelson v. Nelson*, 783 S.W.2d 635 (Tex.App.—Houston [14th Dist.] 1989, no writ).

In this case, the trial court never reached the issue of withholding for liquidation of arrearages because the court did not grant appellant's claim for arrearages. As discussed in point of error number one, the court was in error in failing to award appellant the requested arrearages. Since the trial court failed to reach the issue previously, this court will remand the case for the trial court to determine whether or not the circumstances are appropriate for withholding of wages to liquidate arrearages. Appellant's second point of error is overruled in that the issue was never reached by the trial court.

There has been no appeal from that part of the trial court's judgment which ordered appellee to provide insurance for the child or that part of the judgment which ordered appellee to pay current child support in the amount of $267.50 per month; that part of

the trial court's judgment is affirmed and is severed. The remainder of the judgment is reversed and remanded for further proceedings consistent with this court's opinion.