IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-91-522-CV





OSCAR C. SIGALA,



 APPELLANT


vs.





BARBARA SIGALA,



 APPELLEE


 




FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 277TH JUDICIAL

DISTRICT


NO. 86-071-F, HONORABLE JOHN R. CARTER, JUDGE



 





PER CURIAM


 Appellant Oscar C. Sigala (Sigala) seeks to appeal from an order of the district
court of Williamson County that found him in contempt and ordered him confined to the county
jail of Williamson County. Sigala's attorney has filed a motion to dismiss the appeal on the basis
that she is unable to pursue the appeal because she cannot contact Sigala. We will overrule the
motion and dismiss the appeal for want of jurisdiction.

 On October 31, 1989, the district court of Williamson County issued an order
finding Sigala in contempt for failure to pay child support and ordering him confined in the county
jail until he paid an arrearage in the amount of $17,995. See Tex. Fam. Code Ann. § 14.40
(1986 & Supp. 1992). The district court suspended the confinement and placed Sigala on
probation for a period of sixty months. As a condition of probation, Sigala was to pay the amount
of $3200, to be applied to the arrearage, before October 30, 1989, and to pay the amount of $300
per month beginning November 1, 1989, until the arrearage was paid.

 In August 1991, appellee Barbara Sigala filed a motion to revoke the probation,
alleging that Sigala had not complied with the conditions of probation. After a hearing, the
district court, on September 13, 1991, issued its order finding Sigala in contempt for failure to
pay all the amounts due and ordering him confined in the county jail for a period of sixty days or
until he paid an arrearage in the amount of $3200. On September 26, 1991, Sigala filed an
affidavit of inability to pay costs stating that he desired "to appeal file an Application for Writ of
Habeas Corpus from the Order entered . . . on September 13, 1991." (1) See Tex. R. App. P. Ann.
40(a)(3), 41 (Pamph. 1992).

 Sigala, however, has no right of appeal from the order by which the district court
found him in contempt and ordered him confined. A party may seek relief from an order of
contempt only by petition for writ of habeas corpus. Wagner v. Warnasch, 295 S.W.2d 890, 893
(Tex. 1956); Gawlik v. Gawlik, 707 S.W.2d 256, 257-58 (Tex. App. 1986, no writ); Garrison
v. Garrison, 544 S.W.2d 797, 799 (Tex. Civ. App. 1976, writ ref'd n.r.e.); see generally Tex.
R. App. P. Ann. 120 (Pamph. 1992). (2)

 The motion to dismiss is overruled. The appeal is dismissed for want of
jurisdiction.

[Before Chief Justice Carroll, Justices Aboussie and B. A. Smith]

Dismissed for Want of Jurisdiction

Filed: March 4, 1992

[Do Not Publish]
1.   Sigala did not swear to the affidavit of inability to pay. Furthermore, the record does not
show that he complied with the notice provision of Tex. R. App. P. Ann. 40(a)(3)(B) (Pamph.
1992). See Jones v. Stayman, 747 S.W.2d 369 (Tex. 1987). The court reporter filed a contest
to the affidavit on November 27, 1991. The transcript does not include a signed, written order
determining the contest. See Tex. R. App. P. Ann. 40(a)(3)(E) (Pamph. 1992).
2.   We note also that the transcript was received in this Court untimely. If the trial court's
order were an appealable order, the record would have been due in this Court no later than
November 12, 1991. Tex. R. App. P. Ann. 54(a) (Pamph. 1992). This Court granted Sigala's
motion for extension of time to file record and extended the time for filing the record to December
13, 1991. The Clerk of this Court received the transcript on January 13, 1992. An appellate
court may dismiss an appeal for failure to file the transcript timely. Rule 54(a).