TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-98-00146-CV






John Lesley Wiley, Appellant



v.



Cynthia K. Parker, Appellee






FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 163,372-A, HONORABLE C. W. DUNCAN, JUDGE PRESIDING 






 Appellant John Lesley Wiley appeals the trial court's order modifying appellee
Cynthia K. Parker's child support obligation and the court's failure to order wage withholding to
cover the money judgment for Parker's child support arrearages. See Tex. Fam. Code Ann.
§§ 156.401, 158.003 (West 1996). In two points of error, Wiley complains: (1) that the trial
court erred in reducing Parker's child support payments because Parker was intentionally
underemployed or unemployed, see Tex. Fam. Code Ann. § 154.066 (West 1996); and (2) that
the trial court was required to order wage withholding to satisfy the money judgment for
arrearages, see Tex. Fam. Code Ann. §§ 158.002, .003, .005 (West 1996). We will affirm the
trial court's order.


STATEMENT OF FACTS


 Wiley and Parker were divorced with two minor children. In a 1995 modification
of the original divorce decree, the trial court appointed Wiley as sole managing conservator and
Parker as possessory conservator of their sons. The court ordered Parker to pay $391.65 in
monthly child support and to provide health insurance for the children. At the time of the 1995
agreed order to modify, Parker worked as a prison guard for the Texas Department of Criminal
Justice ("TDCJ"), with a gross monthly income of $2,027 and housing provided by TDCJ. Her
sons lived with Wiley 150 miles away.

 On December 16, 1996, Parker filed a motion to modify the earlier support order,
alleging circumstances affecting her had materially and substantially changed. In response, Wiley
filed a motion for enforcement of child support and sought contempt charges against Parker for
failing to pay court ordered child support. At the June 1997 hearing, Parker testified that in May
1996 she voluntarily left her prison job of five years to move closer to her sons and to eliminate
the stress of her prison job. She moved into her mother's home in a city near her sons and began
to work for PFL Life Insurance Company ("PFL") as an independent insurance agent. Parker
testified that in July 1996 she received a distribution of $7,597.22 from the State Employee's
Retirement System but used the money to pay her past debts, to help her mother "catch all of her
bills up," and to get current on her child support payments. Because of PFL's commission
payment policy, Parker testified that she had received only $101.86 in earnings from PFL in 1996.

 Parker testified that: she received no income in 1997; she had to discontinue
payments to her mother for utilities and groceries; they lost their telephone service for non-payment; and her vehicle was repossessed. Wiley testified that he worked as a sign painter with
gross earnings of $1416.67 monthly. Wiley also testified that he had not received child support
payments from Parker since October 1996, and that she was in arrears in the amount of $4,208.15.

 Following the hearing, the trial court declined to hold Parker in contempt. The trial
court concluded that Parker currently had no income but was capable of obtaining a minimum
wage job. The court granted her motion to modify child support and ordered her to pay $176 per
month beginning July 1, 1997; to provide medical insurance for the children if coverage became
available through her employer; and to pay Wiley attorney's fees of $750. The trial court granted
Wiley a money judgment for child support arrearages, including accrued interest, in the amount
of $4,208.15. The court ordered wage withholding for the monthly support but not for the money
judgment. At Wiley's request, the trial court filed findings of fact and conclusions of law.


DISCUSSION

 In Wiley's first point of error, he alleges that the trial court erred in modifying
Parker's child support obligation because Parker was intentionally underemployed or unemployed. 
See Tex. Fam. Code Ann. § 154.066 (West 1996). The trial court, however, made the following
finding: "Cynthia K. Parker is not intentionally underemployed." We are bound on appeal by
the trial court's unchallenged findings of fact. Even if we treat Wiley's first issue as a challenge
to this finding, we must overrule the complaint. 

 Family Code section 154.066 allows assessment of a child support obligation based
on earning potential if the trial court finds that the obligor is intentionally unemployed or
underemployed. See id. However, the Code does not define "intentional underemployment." 
Courts interpreting the term "intentional underemployment" have required that the obligor be
found to have "an intent to avoid or reduce child support as a motivating factor in the obligor's
voluntary job change." See Starck v. Nelson, 878 S.W.2d 302, 307 n.10 (Tex. App.--Corpus
Christi 1994, no writ). The law does not presume that an obligor is intentionally underemployed
because she is no longer employed at the salary on which the earlier order was based. See DuBois
v. DuBois, 956 S.W.2d 607, 610 (Tex. App.--Tyler 1997, no writ). Nor does an obligor lose the
right to the pursuit of happiness and freedom to live where she chooses because of a child support
obligation. See id. The burden to show that the obligor is intentionally underemployed or
unemployed is on the obligee. See id.

 The trial court is accorded broad discretion in setting and modifying an order for
child support. See DuBois, 956 S.W.2d at 610; State ex rel. Nelson v. Nelson, 783 S.W.2d 635,
637 (Tex. App.--Houston [14th Dist.] 1989, no writ). The court's judgment will not be disturbed
on appeal absent a showing by the complaining party of a clear abuse of discretion. See Worford
v. Stamper, 801 S.W.2d 108, 109 (Tex. 1990); Dubois, 956 S.W.2d at 610. A trial court abuses
its discretion when it acts without reference to any guiding rules or principles or when it acts
arbitrarily or unreasonably. See Worford, 801 S.W.2d at 109; Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). To make that determination, the reviewing court must
look at the evidence in the light most favorable to the trial court's ruling and indulge in every legal
presumption in favor of the judgment. DuBois, 956 S.W.2d at 610; Holley v. Holley, 864 S.W.2d
703, 706 (Tex. App.--Houston [1st Dist.] 1993, writ denied). "Abuse of discretion does not exist
as long as there is some evidence of a substantive and probative character to support the decision." 
Id; see also Tucker v. Tucker, 908 S.W.2d 530, 532 (Tex. App.--San Antonio 1995, writ denied).

 Parker's testimony explains her reasons for voluntarily leaving her previous job:
to be nearer to her sons; to remove herself from a very stressful employment situation; and
eventually to build up her insurance business and provide a nice living for her children through
her PFL employment. Parker further explained the circumstances that had thus far limited her
earnings from insurance policy sales: loss of transportation; loss of telephone service; and the
operation of the company's commission policies. Wiley presented no evidence that Parker
intentionally became underemployed to avoid her child support obligation. Nor did he present
evidence that other jobs were available to Parker, although Parker admitted she could seek an
hourly or minimum wage job. The trial court found that Parker's circumstances had materially
and substantially changed since its last order. We hold that record evidence supports the trial
court's refusal to find that Parker was intentionally underemployed, and Wiley has not
demonstrated that the trial court abused its discretion in reducing the amount of child support. We
overrule appellant's first point of error.

 In Wiley's second point of error, he complains that the trial court erred by failing
to order withholding from Parker's wages to satisfy the money judgment awarded him for
arrearages. See Tex. Fam. Code Ann. §§ 158.001-.405 (West 1996). He contends the statutory
requirement is mandatory. Before being amended and recodified, former section 14.43 governed
withholding and provided in part:


(a) Duty of Court to Order Income Withholding. Except for good
cause shown, on agreement of the parties, or as provided in
Subsection (b) of this section, the court shall enter an order that
provides that income be withheld from disposable earnings of the
obligor.


* * *


(d) Withholding for Arrearages. In addition to income withheld for
current support of a child, in appropriate circumstances and in
accordance with guidelines established for child support payments
as provided in Section 14.05(2) of this code, the court shall enter an
order that income be withheld from the disposable earnings of the
obligor to be applied toward the liquidation of any child support
arrearages. . . .



Act of June 3, 1985, 69th Leg., R.S., ch. 232, § 9, 1985 Tex. Gen. Laws 1160, 1164 (Tex. Fam.
Code Ann. §14.43(a), (d), since recodified) (emphasis added).

 At least one court of appeals held that the statutory requirement of wage
withholding was mandatory, subject to the few delineated exceptions. See Taylor v. Taylor, 721
S.W.2d 457, 458 (Tex. App.--Corpus Christi 1986, no writ). At the same time, the statutory
qualification allowing the court to decline to order withholding "for good cause shown" and "in
appropriate circumstances" clearly left the matter within the discretion of the trial court to
determine in each case whether to order wage withholding for child support or arrearages. See
Nelson, 783 S.W.2d at 637.

 The Family Code was recodified in 1995. See Act of April 20, 1995, 74th Leg.,
R.S., ch. 20, § 1, 1995 Tex. Gen. Laws 113. Among other enforcement provisions, the amended
Code provided that the trial court could render a cumulative judgment for the full amount of child
support arrearage, without reduction, and enforce the judgment by any means available, including
wage withholding. See Tex. Fam. Code Ann. §§ 157.261-.264 (West 1996). Further, the
relevant provisions were amended to remove most of the conditional language and provisions
concerning the trial court's discretionary authority. At the time pertinent to this appeal, the
Family Code provided as follows:


158.001. Income Withholding in Original Suit. Except for good cause shown or
on agreement of the parties, in a proceeding in which periodic payments of child
support are ordered or modified, the court shall order that income be withheld from
the disposable earnings of the obligor as provided by this chapter.


158.002. Income Withholding in Subsequent Action. The court shall order
income withholding in a motion for enforcement if the court finds that at the time
of filing of the motion: (1) the obligor has been in arrears for an amount due for
more than 30 days; and (2) the amount of the arrearages is an amount equal to or
greater than the amount due for a one-month period. (1)


158.003. Withholding for Arrearages in Addition to Current Support. (a) In
addition to income withheld for the current support of a child, the court shall order
that income be withheld from the disposable earnings of the obligor to be applied
toward the liquidation of any child support arrearages, including accrued interest
as provided in Chapter 157.


* * * 



158.005. Withholding to Satisfy Judgment for Arrearages. In rendering a
cumulative judgment for arrearages, the court shall order that a reasonable amount
of income be withheld from the disposable earnings of the obligor to be applied
toward the satisfaction of the judgment.



Tex. Fam. Code Ann. § 158.001-.003, .005 (West 1996) (emphasis added).

 Citing the above provisions, Wiley contends that after the 1995 amendments the
trial court no longer has discretion in the matter but instead is required to order wage withholding
to reduce a money judgment for past due child support. Parker argues that the trial court retains
its discretion and she directs this Court's attention to section 158.001, requiring withholding
"except for good cause shown." See Tex. Fam. Code. Ann. § 158.001 (West 1996). This
section, however, governs withholding to satisfy the periodic payments originally ordered or
modified. The trial court complied with this provision and ordered wage withholding for the
amount of the modified monthly support obligation. In addition, the trial court awarded Wiley a
money judgment for the past due child support arrearage. Wiley complains that the trial court did
not order additional wage withholding to liquidate the money judgment and contends sections
158.003 and .005 require that it do so. See Tex. Fam. Code Ann. §§ 158.003, .005 (West 1996).

 We recognize that the additional withholding order Wiley seeks may be futile under
these facts. The trial court found Parker's monthly income to be $0.00, and in any event the
maximum amount that can be withheld from an obligor's disposable earnings is limited. See Tex.
Fam. Code Ann. § 158.009. (2)

 Nevertheless, section 158.005 appears to require a withholding order to satisfy an
arrearage money judgment even if its effect for the present may be limited. Assuming the statute
requires the trial court to order wage withholding to liquidate a money judgment rendered for the
amount of child support arrearage, the question remains whether Wiley's complaint, if correct,
requires us to reverse the cause. By our opinion, we affirm the trial court's order reducing
Parker's monthly child support obligation. Wiley does not complain of any other error in the
court's order; he complains only of the trial court's omission of an additional order. We cannot
reverse an errorless judgment. See Tex. R. App. P. 44.

 Although the trial court did include child support wage withholding in its
modification order, it could have provided for that relief by separate order. Wiley does not direct
this Court to any Family Code provision requiring that a withholding order be included in the
order before us; in fact, a withholding order may be and often is separate from other orders in
suits affecting the parent-child relationship. We know of no reason Wiley could not seek wage
withholding to satisfy the money judgment, and our affirmance of this appeal would not preclude
his doing so. See Tex. Fam. Code Ann. §§ 158.101-.106 (West 1996 & Supp. 1999).

 Further, we question whether Wiley affirmatively sought this relief below. His
motion in the trial court requested "confirmation of all arrearage shown at trial and rendition of
judgment plus interest, attorney's fees and costs." He prayed that he be granted a money
judgment for arrearage plus interest; "that the court order income withheld for child support or
order a bond"; that the court clarify the previous order if necessary, and for attorney's fees and
costs. Wiley was granted confirmation and judgment for arrearage plus interest, Parker was
ordered to pay him attorney's fees, and the court did order income withheld for child support. 
The motion did not expressly request that the court order withholding to satisfy any money
judgment rendered, and Wiley did not advocate for this relief at the hearing. (3) Although Wiley
filed a motion for new trial, he did not complain therein that the trial court failed to order
withholding to pay the money judgment.

 From this record we cannot say that Wiley brought the matter to the trial court's
attention but was denied relief, nor can we say that Wiley's complaint is one requiring reversal. 
Appellant's second point of error is overruled. 


CONCLUSION


 We affirm the trial court's order.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: May 6, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Sections 158.001 and 158.002 were amended in 1997 but did not apply to motions pending
at the time the amendments became effective. See Act of June 18, 1997, 75th Leg., R.S., ch. 911,
§§ 35, 98(b), 1997 Tex. Gen. Laws 2864.

2. While the court must order withholding, the statute as amended in 1997 now provides that
imposition of the order may be suspended under some circumstances. See Tex. Fam. Code Ann.
§ 158.002 (West Supp. 1999). In addition, the Family Code does allow some trial court discretion
in the area of wage withholding where requiring the obligor to pay arrearages within two years
would work a hardship on the obligor. See Tex. Fam. Code Ann. § 158.007 (West 1996).
3. The only possible reference to this issue was at the conclusion of the hearing when Wiley's
attorney asked, "The only thing I need to know as far as the judgment on the arrearages, how do
you want that paid?" The trial court replied, "I've given you a judgment. I didn't set it as
payment. You can execute on the judgment, I assume."



that can be withheld from an obligor's disposable earnings is limited. See Tex.
Fam. Code Ann. § 158.009. (2)

 Nevertheless, section 158.005 appears to require a withholding order to satisfy an
arrearage money judgment even if its effect for the present may be limited. Assuming the statute
requires the trial court to order wage withholding to liquidate a money judgment rendered for the
amount of child support arrearage, the question remains whether Wiley's complaint, if correct,
requires us to reverse the cause. By our opinion, we affirm the trial court's order reducing
Parker's monthly child support obligation. Wiley does not complain of any other error in the
court's order; he complains only of the trial court's omission of an additional order. We cannot
reverse an errorless judgment. See Tex. R. App. P. 44.

 Although the trial court did include child support wage withholding in its
modification order, it could have provided for that relief by separate order. Wiley does not direct
this Court to any Family Code provision requiring that a withholding order be included in the
order before us; in fact, a withholding order may be and often is separate from other orders in
suits affecting the parent-child relationship. We know of no reason Wiley could not seek wage
withholding to satisfy the money judgment, and our affirmance of this appeal would not preclude
his doing so. See Tex. Fam. Code Ann. §§ 158.101-.106 (West 1996 & Supp. 1999).

 Further, we question whether Wiley affirmatively sought this relief below. His
motion in the trial court requested "confirmation of all arrearage shown at trial and rendition of
judgment plus interest, attorney's fees and costs." He prayed that he be granted a money
judgment for arrearage plus interest; "that the court order income withheld for child support or
order a bond"; that the court clarify the previous order if necessary, and for attorney's fees and
costs. Wiley was granted confirmation and judgment for arrearage plus interest, Parker was
ordered to pay him attorney's fees, and the court did order income withheld for child support. 
The motion did not expressly request that the court order withholding to satisfy any money
judgment rendered, and Wiley did not advocate for this relief at the hearing. (3) Although Wiley
filed a motion for new trial, he did not complain therein that the trial court failed to order
withholding to pay the money judgment.

 From this record we cannot say that Wiley brought the matter to the trial court's
attention but was denied relief, nor can we say that Wiley's complaint is one requiring reversal. 
Appellant's second point of error is overruled. 


CONCLUSION


 We affirm the trial court's order.



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Kidd and Powers*

Affirmed

Filed: May 6, 1999

Do Not Publish



* Before John E. Powers, Senior Justice (retired), Third Court of Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).
1. Sections 158.001 and 158.002 were amended in 1997 but did not apply to motions pending
at the time the amendments became effective. See Act of June 18, 1997, 75th Leg., R.S., ch. 911,
§§ 35, 98(b), 1997 Tex. Gen. Laws 2864.

2. While the court must order withholding, the statute as amended in 1997 now provides that
imposition of the order may be suspended under some circumstances. See Tex. Fam. Code Ann.
§ 158.002 (West Supp. 1999). In addition, the Family Code does allow some trial court discretion
in the area of wage withholding where requiring the obligor to pay arrearages within two years
would work a hardship on the obligor. See Tex. Fam. Code Ann. § 158.007 (West 1996).
3. The only possibl